Lawler B. Reeves and Elsie C. Reeves v. Commissioner.
Reeves v. Commissioner
Docket No. 87763.
United States Tax Court
T.C. Memo 1962-72; 1962 Tax Ct. Memo LEXIS 237; 21 T.C.M. (CCH) 379; T.C.M. (RIA) 62072; March 30, 1962
*237 Held, that the premiums paid by H in 1957 pursuant to a divorce decree on five life insurance policies in which his former wife was the primary beneficiary but in which she did not have the right to surrender for cash or any of the other rights of ownership (other than a veto power to prevent H from exercising specified rights of ownership retained by him) were not deductible by H under section 215(a) of the 1954 Code. James Parks Bradley, 30 T.C. 701, followed; Katharine T. Hyde, 36 T.C. 507, distinguished. Carl J. Batter, Jr., Esq., *238 910 17th St., N.W., Washington, D.C., for the petitioners. Arnold E. Kaufman, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency in petitioners' income tax for the taxable year 1957 in the amount of $288.38. The only question for decision is whether certain premium payments made by petitioner Lawler B. Reeves in 1957 pursuant to a divorce decree on five life insurance policies in which his former wife was the named primary beneficiary are deductible under Section 215(a) of the 1954 Code. An unrelated issue has been conceded by the Commissioner. All of the facts have been stipulated. Petitioners, husband and wife, filed their joint income tax return for the calendar year 1957 with the district director of internal revenue, Baltimore, Maryland. Lawler B. Reeves, sometimes hereinafter referred to as petitioner, was formerly married to Dorothy H. Reeves. On August 30, 1948, the Circuit Court for the County of Wayne in Chancery, State of Michigan, issued a decree dissolving the bonds of marriage then existing between petitioner and Dorothy H. Reeves. In a section of the divorce decree entitled "Alimony," petitioner *239 was required to - pay to the Friend of the Court for Wayne County for the plaintiff Dorothy H. Reeves the sum of One Hundred Seventy-five and no/100 Dollars ($175.00) per month for her permanent support and maintenance. Said monthly payments shall be payable in advance commencing as of October 1, 1948, and shall continue until such time as plaintiff shall remarry or until the further order of this Court. In a separate section of the divorce decree entitled "Property Settlement," it was provided among other things that petitioner must - keep in force and pay the premiums when due on the life insurance policies listed below under which policies the plaintiff [Dorothy H. Reeves] is named as beneficiary and the children of the parties hereto (or the survivor of said children) are named as contingent beneficiaries. The defendant Lawler B. Reeves shall not surrender, make any loans against, nor make any change in the beneficiaries under any of said policies without the written consent of the plaintiff herein. All of said insurance shall be kept in force and the premiums paid thereon until both of the children attain the age of Twenty-one years (21). Thereafter, such portion of said *240 insurance shall be kept in force and the premiums paid thereon as will produce, in the event of the death of the defendant herein, a monthly income to the plaintiff herein equal to what she would receive as permanent alimony under the terms of the paragraph marked "Alimony" above. The specific insurance policies to which this paragraph refers are as follows: Amount
Company
Policy #
Ann. Prem.
$ 1,000.00
Amicable Life Ins. Co., Waco, Texas
34538
$ 15.11
5,000.00
Penn Mutual Life Ins. Co., Philadelphia, Pa.
1612879
98.35
20,000.00
Equitable Life Assurance Society of U.S.
2127-45712
144.00
2127-B-45712
10,000.00
National Service Life Ins.
V6061753
261.20
FV6061753
11,500.00
Penn Mutual Life Ins. Co., Philadelphia, Pa.
2656360
434.48
$47,500.00
$953.14
The divorce decree did not require petitioner to assign nor did petitioner voluntarily assign any of the enumerated life insurance policies to his former wife. Since the date of the divorce decree, including the whole of 1957, both the beneficiaries and the contingent beneficiaries have remained unchanged on the five insurance policies here involved. Dorothy H. Reeves is the *241 primary beneficiary under each policy and Judith and Sarah E. Reeves, children of the marriage of petitioner and Dorothy H. Reeves, are contingent beneficiaries. During 1957 Judith and Sarah E. Reeves were 23 and 17 years old, respectively. Throughout the entire year 1957 petitioner complied fully with the terms of the divorce decree concerning the payment of life insurance premiums. Petitioner paid the sum of $953.14 during the year 1957 representing the premiums on the life insurance policies as set forth in the decree. Petitioners deducted this $953.14 on their joint income tax return for the year ended December 31, 1957. The Commissioner disallowed such amount "as not constituting an allowable deduction under the provisions of section 215, or any other section of the Internal Revenue Code of 1954." The statute permits deduction under Section 215 of only such alimony payments and like amounts which are paid during the taxable year and which are "includible under section 71 in the gross income" of the taxpayer's former wife. The pertinent portions of each of these sections of the 1954 Code are set forth in the margin. [1] Petitioners argue that the premium payments in issue *242 were properly includible in the gross income of petitioner's former wife, Dorothy H. Reeves, in 1957 because they were paid for her benefit (as primary beneficiary in each policy) under the terms of a divorce decree. Therefore, they contend these payments were deductible by petitioner. The Commissioner's position is that these premium payments were not includible in the gross income of petitioner's former wife under the statute because the payments were not "received" by her since she was only a contingent beneficary under the five insurance policies involved, not the policy owner, and hence she received no taxable benefit from the premium payments. *243 We think the Commissioner's determination must be upheld on the basis of the decisions in this field. In , appeal dismissed pursuant to stipulation (C.A. 9), which involved the same premium deduction issue, the Court said: This question has been dealt with in a number of decisions by this Court and the Courts of Appeals in varying fact situations. See ; ; , reversing in part a Memorandum Opinion of this Court; ; . The cases stand for the proposition that where the wife's interest in the policies is simply that of a contingent beneficiary - that is, where the policies have not been assigned to her in such a way that she becomes the actual owner and where the proceeds of the policies become hers only if she outlives her husband - the premiums paid by the husband are not deductible by him. We think that is the situation here. We think that it is also the situation in the instant case. *244 Cf. also . There is no dispute in the present case that petitioner was not required under the divorce decree to assign the life insurance policies involved to his former wife, nor has he voluntarily done so. Under the divorce decree his former wife's only interest in these policies is as primary beneficiary thereunder, and this in fact remained her only interest in them in 1957. As such, her interest in the benefits of these policies was and is contingent upon her surviving petitioner. She had no power to surrender the policies for cash or to obtain loans from the insurer with respect to such policies. Unlike the petitioner in , on appeal (C.A. 2), the former wife herein did not have substantial ownership of or plenary control over the policies, even though the husband's powers with respect to them were severely limited; accordingly, the payment of premiums by the husband did not represent income to her under the foregoing cases, nor is the husband entitled to deductions on account of such payments. It is true, as noted above, that the divorce decree limited petitioner's ownership rights in *245 the policies by providing that he "shall not surrender, make any loans against, nor make any change in the beneficiaries under any of said policies without the written consent of" his former wife. However, this provision of the decree in no sense made petitioner's former wife the legal or equitable owner of the various policies, since she was given only a veto over petitioner's actions and could not direct petitioner to assign the policies to her or to take any other action in respect to the policies for her personal benefit. As a result, although the divorce decree restricted petitioner's ownership rights in the five insurance policies involved, it gave his former wife only a contingent beneficial interest in them and the means by which she could protect this limited interest. Petitioner remained the owner of the policies and the premium payments made in 1957 were, therefore, not taxable to his former wife, , nor deductible by him, On brief petitioners argue that at a minimum the premium paid on one of the five policies, the National Service Life Insurance policy, should be deductible because under *246 Federal statute such a policy is not assignable and may not have an irrevocable beneficiary. It is contended that petitioner had "done everything within his power, everything legally permissible, to divest himself of an interest in this policy." Assuming without deciding that petitioners are correct that this policy could not have been validly assigned to the former wife, we think that this factor is not determinative here. The divorce decree did not require petitioner to assign any of the five insurance policies involved to his former wife, and there is no basis in the record for concluding that failure to require assignment of this particular policy was in any way based upon the assumption that such policy was nonassignable. To the contrary, it is apparent that all five policies were dealt with as a unit; that there was no intention to require the assignment of any of them; and that therefore the possible nonassignability of any one of them is merely a fortuitous and irrelevant circumstance. We conclude that the Commissioner correctly determined that petitioners may not deduct any of the $953.14 paid pursuant to the divorce decree as insurance premiums during the taxable year. *247 Decision will be entered under Rule 50. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced * * * from her husband under a decree of divorce * * *, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce * * *. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. * * *.↩